**FIRST SECURITY BANK OF UTAH, N.A.,**
**Plaintiff and Appellant,**

v.

**ZIONS FIRST NATIONAL BANK, N.A.,**
**Defendant and Respondent.**

**No. 14010.**

Supreme Court of Utah.

July 14, 1975.

Don B. Allen, Paul S. Felt, and H. Brent Beesley, Ray, Quinney & Nebeker, Salt Lake City, for plaintiff and appellant.

Richard H. Nebeker and J. Thomas Greene, Callister, Greene & Nebeker, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

Plaintiff filed these proceedings in the district court seeking a determination as to the priorities of the parties in respect to security interests in raw materials, merchandise, work in process, accounts receivable and other assets. The court below granted a summary judgment in favor of the defendant, and the plaintiff appeals.

On December 5, 1972, the defendant entered into a security agreement with Summit International Corporation (hereinafter designated Summit). The security agreement by its terms had application to the following assets of Summit:

All inventory of Debtor now owned or hereafter acquired and all additions and accessions thereto and all proceeds of its sale or other disposition.

All of Debtor's Accounts and Contract Rights presently existing and hereafter arising, the rights and interests of Debtor in goods, the sale and delivery of which gave rise to an Account or Contract Right and the proceeds of such Accounts and Contract Rights.

All personal property in which Debtor has an interest now or hereafter in the

control or possession of Bank and the proceeds of such property.

Defendant filed its financing statement with the Secretary of State on December 6, 1972. On July 30, 1973, the plaintiff entered into a security agreement with Nuclear Controls and Electronics Corporation (hereinafter called Nuclear) which covered all of Nuclear's inventory, work in process, raw materials, and stock in trade, and all after acquired inventory and any proceeds rising therefrom.[1] On July 30, 1973, the plaintiff and Nuclear entered into a security agreement which covered the revolving accounts receivable of Nuclear. Financing statements were duly filed by the plaintiff with the Secretary of State.

The Trans-Atlas Corporation was the parent corporation of both Nuclear and Summit. Nuclear was engaged in manufacturing calculators and other electronic equipment. Summit was engaged in the marketing of the products. In September, 1973, the Board of Directors of Trans-Atlas Corporation authorized Nuclear and Summit to effect an intercompany sale of all assets of Nuclear to Summit. The intercompany transfer of inventory and assets was made on the books of both corporations as of January 1, 1974. The transfer of assets was a bookkeeping entry and without consideration. As of the date of the transfer of assets Summit had accounts receivable in the amount of more than $2,000,000. During January, 1974, the plaintiff and the defendant learned of the transfer of assets from Nuclear to Summit.

As of the time of the transfer of assets Nuclear was indebted to the plaintiff in the sum of $831,770, and thereafter Summit and the plaintiff had several discussions concerning that indebtedness. On February 12, 1974, Summit gave to the plaintiff a promissory note in the amount of the indebtedness secured by a financing agreement which granted to the plaintiff a security interest in raw materials and other assets including finished products, the pertinent language is as follows:

> Raw materials, parts and work in process involved in assembly of electronic calculators; as well as the finished goods inventory of calculators held for sale to customers.

> All collateral covered hereunder, especially cash and noncash proceeds (including chattel papers and accounts receivable) is subordinate to and the terms and conditions set forth in paragraphs 2-9 are limited in application by a prior and superior security interest in accounts receivable held by Zions First National Bank, Salt Lake City, Utah.

As further security, Summit granted to the plaintiff a security interest in its accounts receivable which instrument contained the following provision:

> All collateral assigned to secured party hereunder and all terms and conditions hereof are subordinate to and limited by the security interest in accounts receivable presently held by Zions First National Bank, Salt Lake City, Utah.

 In determining the priorities as between the parties, it is quite clear that the defendant's security interests in Summit's accounts receivable take precedence over any interest of the plaintiff, and that fact is recognized by the plaintiff by the language contained in its security agreements[2] with Summit above referred to. As to the transfer of the inventory from Nuclear to Summit, plaintiff retained its security interest in the transferred assets.[3] The security interest of plaintiff in the transferred assets was not extinguished by the plaintiff taking a new promissory note procured by the security agreements entered on February 12, 1974. The transferred assets not being subject to the defendant's security interest, the new security agreement entered into on February 12, 1974, does not have the effect of

---

1. 70A-9-203(1)(b), U.C.A.1953.

2. 70A-9-316, U.C.A.1953.

3. 70A-9-201, U.C.A.1953; 70A-9-315, U.C.A. 1953; Intermountain Association of Credit Men v. The Villager, Inc., Utah., 527 P.2d 664.

subordinating the plaintiff's interest in the transferred assets.

The record before this court does not support the claim of the defendant that the plaintiff is estopped to claim a priority over the defendant. Also in view of the fact that Nuclear was engaged in manufacturing rather than the sale of merchandise, the transfer of assets from Nuclear to Summit was not a bulk transfer as contemplated by Section 70A–6–102.

We are of the opinion that a summary judgment should not have been entered and that evidence should have been taken, and the plaintiff should have been accorded the opportunity to trace, if it can, the assets and proceeds which went to defendant subject to the plaintiff's security interests. It appears also that a question of fact exists as to the accounts receivable in which the defendant had a security interest prior in time to that of the plaintiff.

This matter is remanded to the district court for further proceedings in conformity with this opinion. Appellant is entitled to costs.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.